UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:15-CV-173 (CEJ) |
| ST. LOUIS BRICK AND STONE CO., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant St. Louis Brick and Stone Co., pursuant to Fed.R.Civ.P. 55(b)(2).

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53 and 110 of the Laborers International Union of North America (the Union). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement. Plaintiffs seek a total of $25,965.72 for unpaid contributions and liquidated damages. They also seek attorneys' fees and costs.

The summons and a copy of the complaint were served on defendant on March 25, 2015. Defendant did not file an answer or other responsive pleading and, on May 22, 2015, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On May 15, 2009, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement between the Mason Contractors Association of St. Louis, Missouri and the union, through March 1, 2010. Defendant also agreed to be bound by all subsequent CBAs unless it gave proper notice of termination. Pls. Ex. 1 and 2 [Docs. #19-1, #21-1]. Ron Graves, controller for the benefit funds, testifies that defendant did not provide notice of termination and thus is bound by the subsequent agreements in effect between 2010 and 2014, and 2014 and 2019. [Docs. #21-2, #19-3]. The collective bargaining agreements require defendant to make contributions to the funds for each hour worked by employees covered by the agreement. Article 7, §1 (Vacation Fund); Article 8, § 1 (Welfare and Pension Funds); Article 19, § 1 (Training and Apprentice Fund) §§ 5.03 - 5.06. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, accounting costs, court costs, and attorney's fees. Article 8, §§ 5(c)-(e). Mr. Graves testifies that, based on the contribution reports defendant has submitted through April 2015, defendant owes $17,898.00 in unpaid contributions and $8,067.72 in liquidated damages.

The Court finds that defendant St. Louis Brick and Stone Co. was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that St. Louis Brick and Stone is liable to them for $17,898.00 in unpaid contributions and $8,067.72 in liquidated damages, for a total of $25,965.72.

Plaintiffs also submit the affidavit of attorney Andrew P. Billington. Mr. Billington attests that his firm's standard hourly billing rates are $185.00 for partners' services, $175.00 for associates' services, and $95.00 for paralegal and assistant services. In this case, a total of 11.4 hours was expended in connection with this matter, primarily by associates, for a total of $1,830.00 for legal services. The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $400.00 for the filing fee and $129.34 for service of process, for a total of $529.34.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #9] is **granted**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2016.